UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| DRURY PROPERTIES, LLC<br><br>    Plaintiffs,<br><br>V.<br><br>GARY FLORA, individually and<br>as executor of the Florence Flora and<br>Melvin Owen Flora estates and<br>as trustee of the Melvin Owen Flora<br>Testamentary Trust<br><br>    Defendants. | CIVIL ACTION NO. 5:15-153-KKC<br><br><br>**OPINION AND ORDER** |

This matter is before the Court on the defendant's motion to dismiss (DE 8). For the following reasons, the motion is denied.

## I. Background

The root of this matter is a dispute between the heirs of the late Melvin and Florence Flora. The Floras had three children: sons Gary and Bobby and daughter Barbara Flora Drury, who is now deceased. Gary is the executor of his parents' estates and is the trustee of the testamentary trust established by his father.

The attempt to settle Melvin and Florence's estates has spawned multiple lawsuits in state court involving Gary, as executor, and certain of his sister Barbara's heirs. One of those suits made its way to the Kentucky Supreme Court, which noted the "incredibly complicated factual pattern" of the dispute and summarized the background as follows:

> Melvin O. Flora ("Melvin Sr.") and his wife, Florence Flora, were the parents of three children—sons, Gary and Bobby, and daughter, Barbara Drury. Each executed separate Wills, with Melvin Sr. leaving

> all his property to his wife Florence. He died in July 2009. Florence had a Will and two subsequent Codicils. Her Will divided her estate evenly among her three children. In addition, Florence's Codicils provided for the division of the family farms with each of her three children receiving certain identified tracts. However, before her death and about a year after her husband died, Florence suffered a debilitating stroke. Not long after her stroke, on November 16, 2010, Florence executed several documents conveying all of her property to her daughter Barbara. One of the documents Florence executed was a Trust which revoked her Last Will and Codicils. Florence also signed several deeds of conveyance transferring all of the family farms to Barbara. Leslie Dean, the wife of Florence's grandson, Melvin, who is also the daughter-in-law of Barbara, is a Kentucky lawyer. She was the individual who prepared these documents and counseled Florence to sign. As a result, Melvin and Leslie stood to eventually inherit all of Florence's estate, thereby excluding Florence's sons, Gary and Bobby, Barbara's brothers. Needless to say, this did not bode well for family harmony and good will.

*Drury v. Isaacs*, No. 2013-SC-000815-MR, 2014 WL 7238385, at *1 (Ky. Dec. 18, 2014)

Eventually, the Woodford District Court determined that Florence was not of sound mind at the time that she executed the trust document, which purported to revoke Florence's last will and codicils and name Melvin as the estate administrator. *Id*. at *2. Florence's will and codicils were admitted to probate and, as provided in the will, Gary was appointed executor of Florence's estate. *Id*. It appears that neither Melvin nor Florence's estate has been settled and that both actions remain pending in probate court in Woodford County.

This federal action, however, involves a discrete issue involving a single piece of property. The property is owned by an LLC – Drury Properties, LLC ("Drury") – which is owned by Douglas Drury, who appears to be one of Barbara's heirs. It appears that the property was previously owned by Melvin K. Drury, Barbara's son. In 1994, Melvin and Flora loaned Melvin $52,500.00 and the loan was secured by a mortgage on the property at issue. (DE 1-2, Mortgage.) Drury asserts that the

2

underlying note was paid in full in 2004 and there does not appear to be any dispute about that. Drury asserts that Gary – executor of Melvin and Flora's estate – was informed that the underlying note has been paid but that Gary will not release the mortgage.

Drury asserts that Gary has violated a Kentucky statute requiring that mortgagees release a mortgage when the underlying note is paid in full. KRS § 382.365. The statute requires a lien holder to release a lien on real property within 30 days from the date that the underlying note is paid. KRS § 382.365(1).

The statute further provides for statutory damages against a lienholder who fails to comply without "good cause." The statute provides the lienholder is at first liable to the property owner in the amount of $100 per day for each day "of the violation for which good cause did not exist." KRS § 382.365(4). If the lienholder continues to fail to release the lien without good cause for 45 days after receiving written notice, then the lienholder is liable to the property owner for $500 per day for each day "for which good cause did not exist" after the 45th day from the date of the notice. KRS § 382.365(5).

Drury claims statutory damages of $458,000. It calculates its damages from October 12, 2012. That is the date that Gary and Drury entered into a settlement agreement through which Gary agreed to release the mortgage. (DE 1-5, Agreement.) Drury also seeks an order requiring Gary to release the mortgage. In addition, Drury asserts claims for breach of contract and fraud based on Gary's failure to comply with the terms of the settlement agreement.

Gary moves to dismiss the claims against him.

3

**II. Analysis**

Gary first argues that the Court lacks jurisdiction over this matter because of the probation exception to federal diversity jurisdiction. This exception is "of distinctly limited scope." *Marshall v. Marshall*, 547 U.S. 293, 310 (2006). "[F]ederal courts have jurisdiction to entertain suits to determine the rights of creditors, legatees, heirs, and other claimants against a decedent's estate, so long as the federal court does not interfere with the probate proceedings." *Id.* at 311 (citation and quotations omitted.)

This means that the probate exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.* at 311-12. The exception does not, however, "bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* at 312.

With this action, Drury does not ask this Court to probate or annul a will or to administer Melvin or Florence's estate. Further, it does not ask this Court to dispose of any property that is in the custody of the Woodford district court. It is the Court's understanding that Drury's complaint seeks an order requiring Gary to release the mortgage on the property at issue. The day after this action was filed, Gary released the mortgage. (DE 8-11, Notice and Release.) Thus, this portion of Drury's claim is now moot. In addition, Drury seeks statutory and compensatory damages for Gary's failure to release the mortgage as required by state statute and an agreement between the parties. Accordingly, the probation exception to this Court's diversity jurisdiction does not apply.

4

In his motion, Gary also appears to argue that the Court should dismiss at the statutory action against him because he acted in "good faith" in failing to release the mortgage.

The Kentucky Supreme Court has held that the exception to statutory penalties under KRS § 382.365 for violators with *good cause*, "provides lienholders an affirmative defense to the imposition of statutory penalties." *Hall v. Mortgage Elec. Registration Sys., Inc.*, 396 S.W.3d 301, 305 (Ky. 2012). The issue of whether good cause existed for the lienholder's failure to release a lien is "a question of law for which all relevant circumstances should be considered." *Id*. The good-cause determination "is to be made on a case-by-case basis, under the totality of the circumstances." *Id*. at 307.

Gary also appears to argue that good faith is a complete defense to the breach-of-contract and fraud claims against him.

The Court is not entirely certain of Gary's argument as to good cause. He appears to argue that a March 28, 2012 order by the Woodford District Court Probate Division prohibited him from releasing the mortgage. With that order, the court determined that Florence was not of sound on the date in 2010 when she executed the trust revoking her last will and codicils. Accordingly, the court admitted Florence's last will and codicils to probate and, pursuant to the will, appointed Gary executor of Florence's estate. The order further provided that "there shall be no transfers of any real estate that may come into the possession of the personal representative without prior approval of the Court." (DE 8-3, Woodford District Court March 28, 2012 Order.) Gary argues that he was only permitted to release the mortgage by an April 27, 2015 order through which the district court

5

ordered that Gary could sign certain quit-claim deeds on behalf of Florence's estate. (DE 8-10, Order.)

The Court is unable to find based upon the pleadings currently in the record that either the March 28, 2012 order or the April 27, 2015 order conclusively establishes as a matter of law that Gary acted in "good faith" for purposes of KRS § 382.365(4) or for purposes of the breach-of-contract or fraud claims. Further, Gary cites no authority for his position that "good faith" is a complete defense to the breach-of-contract claim.

The Court does not find by this opinion, however, that Gary *did not* act in good faith in failing to release the mortgage. In fact, after reviewing the parties' briefs, the Court is left with more questions than answers. Gary may of course reassert the good-faith defense in another motion. The Court advises Gary that, if he should file another motion asserting the good-faith defense, he should focus his arguments on that issue, submit evidence supporting that defense, and cite supporting case law. Specifically, if Gary believes that the March 28, 2012 order by the Woodford District Court Probate Division prohibited him from releasing the mortgage, he should explain precisely how that order prohibited him from doing so.

Likewise, if Gary asserts any defense other than good faith, he should explain precisely what that defense is and cite supporting evidence and case law. For example, Gary appears to argue that, by signing the settlement agreement, Drury waived any right to statutory damages under KRS § 382.365. If this is a defense that Gary intends to assert, he should support it with case law.

In addition, in any future brief, Drury is advised to address whether it seeks damages from Gary, individually, from Melvin or Florence's estates or from the testamentary trust. If Drury seeks damages from either estate or the trust, it should

6

explain why those entities should be held liable for the failure to release the mortgage. Drury is also advised to address precisely how it has been damaged by any alleged breach of contract or fraud.

### III. Conclusion

For all these reasons, the Court hereby ORDERS that the motion to dismiss (DE 8) is DENIED.

Dated March 23, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY